IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-13

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> (13) SARAH JANE GILL, ) <br> ) <br> Defendant. ) | **ORDER** |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Sentencing Memorandum [Doc. 691].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum [Doc. 690] and exhibits thereto [Docs. 690-1, 690-2, 690-3], under seal in this case. For grounds, counsel states that the memorandum and exhibits contain confidential medical matters as well as other sensitive information that is ordinarily sealed. [Doc. 691].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed her motion on September 9, 2022, and such motion has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a defendant's filings in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. As for other information a defendant seeks to seal, the Court should consider the materiality of the information to an understanding of the Defendant's case. The more significant the information to any relief the Defendant seeks, the less likely it should be placed in the record under seal. For instance, identities of and information regarding a defendant's family members (particularly minors) are rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. at 492.

Here, the Defendant has demonstrated that the memorandum and exhibits contain sensitive information and that the public's right of access to

2

such information is substantially outweighed by the Defendant's competing interests in protecting the details of such information. See Harris, 890 F.3d at 492. However, the Defendant fails to provide sufficient grounds for the wholesale sealing of the Defendant's letter [Doc. 690-2]. The Defendant's letter contains her personal history and background, as well as the identity of and information regarding minor children. However, the Defendant's presentation of her personal history and background is central to the Defendant's argument for leniency. Therefore, the public's right to know the bases for the actions of this Court outweigh any privacy interest of the Defendant.

Having considered less drastic alternatives to sealing the Defendant's letter [Doc. 690-2], the Court concludes that less drastic alternatives to wholesale sealing of the Defendant's letter are feasible.

Accordingly, the Defendant's Motion to Seal is granted in part and denied in part, and counsel shall be permitted to file the Defendant's Memorandum [Doc. 690] under seal. Further, the Court also finds appropriate to permit counsel to file under seal the photographs depicting minor children [Doc. 690-1] and the excerpts of the Defendant's medical records [Doc. 690-3]. However, the Defendant's motion is denied to the extent that the Defendant shall also file a publicly accessible version of the

Defendant's letter [Doc. 690-2], redacting only those portions containing the identities of and information regarding minors.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Sentencing Memorandum [Doc. 691] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Defendant's Motion to Seal is **GRANTED** to the extent that the Defendant's Memorandum [Doc. 690] and Exhibits [Docs. 690-1, 690-2, 690-3] shall be filed under seal until further Order of the Court. The Motion to Seal is **DENIED** to the extent that the Defendant shall file a redacted version of the Defendant's letter [Doc. 690-2] on the public docket within fourteen (14) days.

**IT IS SO ORDERED.**

Signed: October 4, 2022

Martin Reidinger
Chief United States District Judge